| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF ADAMS, COLORADO<br>1100 Judicial Center Dr.<br>Brighton, CO 80601<br>(303) 659-1161 | DATE FILED: February 3, 2017 10:30 AM<br>FILING ID: 647B4D0B877DD<br>CASE NUMBER: 2017CV30182 |
| **Plaintiff:** KEVIN TRAPP<br><br>v.<br><br>**Defendant(s):** ALLSTATE INSURANCE COMPANY d/b/a ENCOMPASS INDEMNITY COMPANY, an Illinois Corporation | ▲COURT USE ONLY▲ |
| *Attorney for Plaintiff:*<br>Robert A. Brovege, Jr., Esq. No. 32726<br>BELL & POLLOCK, P.C.<br>5660 Greenwood Plaza Blvd., Suite 220<br>Greenwood Village, CO 80111<br>Telephone:   303-795-5900<br>Facsimile:   303-730-7000<br>E-mail: rbrovege@bellpollock.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

**COMES NOW,** the Plaintiff, Kevin Trapp, by and through his attorneys, BELL & POLLOCK, P.C., and for his Complaint against the Defendant, states and alleges as follows:

## INTRODUCTORY ALLEGATIONS

1. Plaintiff, Kevin Trapp, (hereinafter "Plaintiff") is a resident and domiciliary of the County of Adams, State of Colorado.

2. Defendant Allstate Insurance Company d/b/a Encompass Indemnity Company (hereinafter "Defendant") organized under the laws of the State of Illinois actively conducting business in the County of Adams, State of Colorado.

3. On or about October 6, 2014 at approximately 1:39 p.m. Plaintiff was heading northbound on Washington Street.

4. At the same time and place, Ashara Smith was operating her vehicle westbound on Explorador Calle turning left onto southbound Washington Street.

5. Ms. Smith failed to yield the right of way of the Plaintiff and made a left turn in front of approaching traffic.

6. Ms. Smith collided with the vehicle operated by the Plaintiff.

7. Plaintiff sustained injuries as a result of the crash.

8. Plaintiff's injuries related medical bills are reasonable.

9. Plaintiff's medical treatment for the crash related injuries was necessary.

10. Ms. Smith was cited for careless driving.

11. The Colorado State Patrol Traffic Accident Report indicates Plaintiff's vehicle sustained major damages as result of the subject crash.

12. The estimate to repair Plaintiff's vehicle was $17,730.38.

13. The crash was the fault of Ashara Smith.

14. Plaintiff did not cause the subject collision.

15. On or about September 14, 2016 Plaintiff provided Defendant with the relevant medical records and bills regarding the treatment for the injuries Plaintiff sustained in the subject crash.

16. On or about September 20, 2016 Defendant forwarded a letter to the Plaintiff confirming the receipt of the September 14, 2016 demand letter.

17. On or about October 6, 2016 Defendant provided Plaintiff permission to settle with Ms. Smith's insurance carrier USAA.

18. In October, 2016 Plaintiff settled his bodily injury claim against Ms. Smith for the $100,000.00 policy limits.

19. At the time of the subject collision, Plaintiff had a policy of insurance #240585926 for underinsured motorist coverage with the Defendant.

20. Plaintiff's underinsured policy limits are $250,000.00 per person/$500,000.00 per collision.

21. Ms. Ashara Smith was underinsured at the time of the subject collision.

22. Plaintiff is entitled to underinsured motorist benefits from the Defendant.

23. Plaintiff has a valid policy for underinsured motorist coverage with the Defendant.

24. The Defendant should have responded to Plaintiff's demand for policy limits of his under insured motorist policy.

25. Defendant still has not provided a response to Plaintiff's demand for policy limits.

26. It has been over four months since the Defendant received Plaintiff's September 14, 2016 demand letter.

27. It is unreasonable for an insured to have to wait over four months for a response from his own insurance company.

28. On December 15, 2016 Plaintiff requested a detailed explanation of Defendant's evaluation of Plaintiff's claim.

29. Defendant has never provided an evaluation of the underinsured motorist claim.

30. On December 15, 2016 Plaintiff inquired whether Defendant believed Plaintiff's medical treatment/expense was unreasonable.

31. Defendant did not provide a response to Plaintiff's request regarding whether Defendant believed the medical treatment/expense was unreasonable.

32. It was not until December 2016 that Defendant requested additional documentation regarding the Plaintiff's injuries including the MRI film.

33. Plaintiff promptly provided the requested additional documentation

34. On January 26, 2017, Plaintiff again requested a response regarding Plaintiff's policy limits demand.

35. Defendant did not provide an explanation or an evaluation of Plaintiff's underinsured motorist claim.

36. The January 26, 2017 e-mail informed Defendant of C.R.S. § 10-3-1116 which entitles the insured to two times the covered benefit plus attorney fees for delay/denial of benefits..

37. Despite Plaintiff's numerous requests, Defendant still has not provided a response to Plaintiff's policy limits demand.

38. On January 31, 2017 Plaintiff forwarded a copy of the Complaint and informed Defendant that it would be filed with the court if policy limits were not tendered by February 3, 2017.

39. Defendant did not tender policy limits by February 3, 2017.

40. Defendant did not forward the undisputed amount of the claim to Plaintiff.

41. Defendant did not provide its evaluation of the claim.

42. Defendant's refusal to respond to Plaintiff's demands is unreasonable.

43. The Defendant has breached the contract of insurance with the Plaintiff.

44. As a direct, immediate and proximate result of Defendant's breach of contract of insurance, the Plaintiff, as a foreseeable consequence has been substantially damaged, including, but

not limited to past, present and future medical expenses, past, present and future pain and suffering, ongoing medical care and treatment, physical injuries, permanent injuries, economical losses and damages, lost time, lost wages, loss of enjoyment of life, emotional distress, non-economic losses and all other injuries and damages of the Plaintiff.

45. All damages of Plaintiff are in the past, present and future whether so specified delineated in each paragraph or not.

WHEREFORE, Plaintiff prays for relief all as is more particularly hereinafter set forth.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT ALLSTATE INSURANCE COMPANY d/b/a ENCOMPASS INDEMNITY COMPANY.
(UIM Claim)

1.1 Plaintiff incorporates the Introductory Allegations as if set forth verbatim herein.

1.2 Ms. Smith had a duty to the Plaintiff and other similarly situated to operate her vehicle with reasonable care and caution so as to avoid unreasonable risk of injury to the Plaintiff.

1.3 Notwithstanding said duties and obligations, Ms. Smith breached her duties and negligently, carelessly and recklessly caused harm to the Plaintiff.

1.4 Accordingly, Plaintiff is entitled to bring this action against Defendant for all his injuries, damages and losses.

1.5 Plaintiff is entitled to recover from Defendant for his injuries, damages and losses incurred as the result of Ms. Smith conduct pursuant to the subject insurance contract and Colorado law.

1.6 As a direct, immediate and proximate result of Ms. Smith's conduct, Plaintiff has sustained damages, losses, including, but not limited to, past, present and future medical expenses, past, present and future pain and suffering, ongoing medical care and treatment, physical injuries, permanent injuries, economic losses and damages, impaired earning capacity, lost time, lost wages, loss of enjoyment of life and all other injuries, damages and losses of the Plaintiff.

1.7 All damages to the Plaintiff are in the past, present and future, whether so specifically delineated in each paragraph or not.

**WHEREFORE,** Plaintiff prays for relief all as is more particularly hereinafter set forth.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT ALLSTATE INSURANCE COMPANY d/b/a ENCOMPASS INDEMNITY COMPANY.
### (Breach of Contract)

2.1   Plaintiff hereby incorporates the Introductory Allegations, and First Claim for Relief as if set forth verbatim herein.

2.2   In consideration of payment of premiums, Defendant issued a policy of insurance covering the Plaintiff at the time of the subject incident.

2.3   The Plaintiff is entitled to benefits for injuries he sustained due to actions/omissions of the underinsured motorist.

2.4   The policy issued by Defendant constitutes a contract for underinsured insurance coverage.

2.5   The Plaintiff has performed all obligations imposed by the subject policy of insurance.

2.6   Defendant has breached the terms of the contract by failing to fulfill its duty as set forth in the policy and mandated by Colorado law.

2.7   As a direct, immediate and proximate result of Defendant's breach of contract of insurance, the Plaintiff, as foreseeable consequence, has been substantially damaged, including, but not limited to, past, present and future medical expenses, past, present and future pain and suffering, ongoing medical care and treatment, physical injuries, permanent injuries, economic losses and damages, lost time, lost wages, loss of enjoyment of life, emotional distress, non-economic losses and all other injuries and damages of the Plaintiff.

2.8   All damages to the Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

**WHEREFORE,** Plaintiff prays for relief all as is more particularly hereinafter set forth.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT ALLSTATE INSURANCE COMPANY d/b/a ENCOMPASS INDEMNITY COMPANY.
### (Bad Faith Breach of Insurance Contract)

3.1   Plaintiff incorporates the Introductory Allegations, and the First and Second Claims for Relief as if set forth verbatim herein.

3.2   As a provider of insurance services to the public, Defendant at all times had a duty to be actuated by good faith and fair dealing in everything pertaining hereto, abstain from deceptive or misleading practices and keep, observe and practice the principles of law and equity in all matters pertaining to the business of insurance.

3.3   Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insured.

3.4   Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiff an obligation to treat Plaintiff's interests with equal consideration to its own interests.

3.5   Defendant has breached its duty of good faith and fair dealing owed to Plaintiff, including but not limited to:

   a)   Failing to give equal consideration to the interest of Plaintiff, its insured;

   b)   When investigating Plaintiff's claims, failing to diligently search for evidence that supported their insured's (Plaintiff's) claims;

   c)   Seeking to discover only evidence that defeated their insured's (Plaintiff's) claims;

   d)   Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack of reasonable basis for delaying and/or withholding benefits;

   c)   Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

   d)   Refusing to pay claims without conducting a reasonable investigation based upon all available information;

      e)    Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonable clear;

      f)    Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy;

      g)    Forcing Plaintiff into the costly and lengthy process of litigation.

3.6   Defendant's aforesaid conduct was unreasonable and Defendant either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

3.7   As a direct and approximate result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has sustained damages in the amount to be proved at trial.

3.8   All damages to the Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

**WHEREFORE,** Plaintiff prays for relief all as is more particularly hereinafter set forth.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT ALLSTATE INSURANCE COMPANY d/b/a ENCOMPASS INDEMNITY COMPANY.
### (Violation of C.R.S. 10-3-1115 and C.R.S. 10-3-1116)

4.1   Plaintiff incorporates the Introductory Allegations and the First, Second and Third Claims for Relief as if set forth verbatim herein.

4.2   Defendant's denial and delay of Plaintiff's claim for underinsured motorist benefits is unreasonable.

4.3   Pursuant to C.R.S. 10-3-1116(1), Plaintiff is entitled to reasonable attorney's fees and two times the covered benefit.

4.4   All damages to the Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

**WHEREFORE,** Plaintiff prays for relief all as is more particularly hereinafter set forth.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT ALLSTATE INSURANCE COMPANY d/b/a ENCOMPASS INDEMNITY COMPANY, an Illinois Corporation
**(Declaratory Relief-UIM against Encompass Indemnity Company)**

5.1   Plaintiff hereby incorporates by reference, as if set forth verbatim herein the Introductory Allegations, First, Second, Third and Fourth Claims for Relief.

5.2   Pursuant to C.R.C.P. 57, Plaintiff requests this Court to determine his rights under the underinsured motorist coverage in the contract of insurance referred above and to find that the benefits are payable in full.

5.3   All damages to the Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

**WHEREFORE,** Plaintiff prays for relief all as is more particularly hereinafter set forth.

**WHEREFORE,** on account of the matters set forth in the First, Second, Third, Fourth and Fifth Claims for Relief, Plaintiff prays for a judgment in favor of the Plaintiff, Kevin Trapp, and against the Defendant, Encompass Indemnity Company, for monetary compensatory damages in the amount that will fully compensate the Plaintiff for all of his injuries, damages and losses in the past, present and future, including past, present and future medical expenses, past, present and future pain and suffering, personal injuries, permanent injuries, physical impairment, disfigurement, emotional distress, loss of ability to enjoy life, lost time, impaired earning capacity, economic losses, costs, expert witness fees, interest on such sums as is provided by law, for prejudgment interest, and for such other and further relief as the Court deems proper.

### PLAINTIFF HEREBY DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS

Respectfully submitted this 3rd day of February, 2017.

*(Original Signature on File at Bell & Pollock, P.C. pursuant to C.R.C.P. 122§1-26)*

/s/ Robert A. Brovege, Jr.
Robert A. Brovege, Jr., No. 32726
BELL & POLLOCK, P.C.

*Plaintiff's Address:*
Kevin Trapp
7584 E. 121st Pl.
Thornton, CO 80602